United States District Court
For the Northern District of California

1

2

3

4

5

6

7

8

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

9    TODD ASHKER,                                No. C 18-6350 WHA (PR)

10         Plaintiff,                            **ORDER DENYING MOTION FOR
                                                 RECONSIDERATION; GRANTING
11    v.                                         IN PART MOTION TO DISMISS OR
                                                 SEVER; SEVERING CLAIMS;
12   SCOTT KERNAN; JEFFREY                        DENYING PLAINTIFF'S MOTION
     BEARD; GEORGE GIURBINO;                      FOR EXTENSION OF TIME TO
13   SUSAN HUBBARD; KELLY                         FILE REPLY BRIEF; GRANTING
     HARRINGTON; KATHLEEN                         PLAINTIFF'S MOTION FOR
14   ALLISON; J. MCLAUGHLIN; M.                   EXTENSION OF TIME TO FILE
     RUFF; C. PARIS; J. PRELIP; D.                OPPOSITION; GRANTING
15   ROTHCHILD; J. ROBERTSON; B.                  DEFENDANTS' MOTION FOR
     MOAK; C.E. DUCART; C.                        EXTENSION OF TIME TO FILE
16   PFEIFFER; A. ALAFA; MARTINEZ;                SUMMARY JUDGMENT MOTION;
     HIGHTOWER; MANUAL ORTIZ;                     INSTRUCTIONS TO CLERK**
17   HAMMER; SPEIDEL; STEBBINS;
     VARGAS; M. RUSSELL; J. FALLIS;
18   J. FRISK; W. BLACK; DOES 1-10,
                                                 (ECF Nos. 40, 45, 48, 50, 51)
19         Defendants.
     _____/
20

21         Plaintiff, a California prisoner, filed this pro se civil rights case under 42 U.S.C. § 1983

22   against prison officials at Pelican Bay State Prison ("PBSP"), Kern Valley State Prison

23   ("KVSP"), and at the headquarters of the California Department of Corrections and

24   Rehabilitation ("CDCR") in Sacramento.  Defendants' motion to dismiss and sever certain

25   claims was granted in part: claims against three defendants were dismissed, and the claims

26   against the KVSP officials were severed and transferred to the Eastern District of California,

27   which is the proper venue for such claims and where they are currently pending.  Plaintiff has

28   filed a motion for leave to file a motion for reconsideration of the decision to sever the claims

United States District Court

For the Northern District of California

1    against the KVSP defendants.   Leave was granted, and defendants have responded to the

2    motion.  For the reasons discussed below, the motion for reconsideration is **DENIED**.

3        Plaintiff was housed at PBSP until 2016, when he moved to KVSP where he currently

4    resides.  The claims against PBSP defendants are that they used false confidential information

5    to place him in segregated housing at PBSP on four occasions between 2014 and 2016, and that

6    the conditions in the segregated housing unit were unconstitutional.  His claims against the

7    KVSP defendants are based on events that took place there from May 2017 to 2020, including

8    phone calls, communication with his attorneys, and housing decisions there.  He claims that the

9    actions at both prisons were taken in retaliation for his role as the lead plaintiff in the class-

10   action lawsuit, *Ashker v. Brown*, No. C 09-5796 CW (N. D. Cal. 2009).  The KVSP claims were

11   severed from the PBSP claims because they arose out of distinct transactions that took place at

12   different times in different locations involving different people.  *See* Fed. R. Civ. P. 20(a)(2).

13       Plaintiff argues that the claims should be joined because he alleges that they all involved

14   the systemic misuse of confidential information by senior prison officials in the CDCR to

15   retaliate against him.  The claims plainly do not arise from the same transaction or occurrence

16   as they involve different locations, at different times, and by different people.  There were

17   unique facts and officials involved in the housing decisions and the suicide watch practices at

18   PBSP that are distinct from the facts and officials involved in the allegedly retaliatory acts and

19   the suicide watch practices at KVSP.  Plaintiff's allegation that there was a system of retaliation

20   by senior CDCR officials does not mean that all the claims arose out of the same or a series of

21   related transactions or occurrences such that they should be joined.  A great many cases every

22   year allege retaliation by prison officials all across California, but this does not mean they

23   would all properly be joined simply because the prisoner alleges there is a system of retaliation

24   authorized by senior prison officials.  Too many individual questions regarding each element of

25   a retaliation claim are presented by each alleged retaliatory incident — the protected speech by

26   the prisoner, the retaliatory conduct, whether there was a causal nexus between the two,

27   whether there was another legitimate justification for the defendants' conduct, whether the

28

2

1    prisoner's speech was chilled — to practically or feasibly join them all.  The KVSP and PBSP

2    claims involved distinct incidents by different officials at different times and places, and each

3    incident requires a separate inquiry into the defendants' conduct, whether there was a retaliatory

4    or legitimate purpose, and whether plaintiff's speech was chilled.

5            The above analysis was explained in the Order severing the claims:

6                    The KVSP claims do not arise "out of the same transaction, occurrence, or series
         of transactions or occurrences" as the PBSP claims.  *See* Fed. R. Civ. P. 20(a)(2).  The
7         claims plainly do not arise from the same transaction or occurrence as they involve
         different locations, at different times, and by different people.  There were unique facts
8         and officials involved in the housing decisions and the suicide watch practices at PBSP
         that are distinct from the facts and officials involved in the allegedly retaliatory acts and
9         the suicide watch practices at KVSP.  The claims also do not arise from the same
         "series" of transactions or occurrences.  There is no allegation of a policy or a continuos
10        sequence of events spanning the two prisons that would suggest that the alleged
         violations at both places all were part of the same series of events.  And while one of
11        plaintiff does challenge the way that guards carried out the suicide watch at both places,
         which was by different people and in a different manner at each prison.  Indeed, he
12        alleges that these practices at KVSP were different, and worse, than those at PBSP
         because of the isolated nature of the KVSP cells.  Because the KVSP claims and the
13        PBSP claims do not arise from the same transactions or occurrences, or the same series
         of transactions or occurrences, they may not be joined into a single action under Rule
14        20.

15   (ECF No. 37.)

16           Plaintiff does not make new arguments that warrant reconsideration of the severance

17   Order.  The Eastern District's progress on adjudicating the KVSP claims in the severed case

18   further indicates that such claims may be properly litigated in a separate action.  Accordingly,

19   the motion for reconsideration is **DENIED.**  Plaintiff's motion for an extension of time to file a

20   reply brief is **DENIED** because he raises no new arguments that would warrant reconsideration in

21   his motion, and additional arguments not raised in his motion may not be raised in a reply brief.

22           Three new KVSP defendants — Ralph Diaz, Sandra Alfaro, and Connie Gipson —

23   whom plaintiff added in the First Amended Complaint alleging they were also involved in the

24   same incidents as the other KVSP defendants have also filed a motion to dismiss or to sever the

25   claims against them.  Plaintiff has filed an opposition.  For the reasons described in the Order

26   severing the claims against the other KVSP defendants (ECF No. 37) and discussed above in

27   connection with plaintiff's motion for reconsideration, the claims against defendants Diaz,

28

United States District Court

For the Northern District of California

3

1   Alfaro and Gipson is Defendants' are **SEVERED** and **TRANSFERRED** to the United States District

2   Court for the Eastern District of California.  The arguments for dismissing these claims are not

3   addressed here and may be raised again in the Eastern District.

4           Plaintiff's motion for an extension of time to file a reply regarding his motion for

5   reconsideration is **DENIED** because plaintiff has had ample opportunity to address the severance

6   issue in his oppositions to the motions to sever and in his motion for reconsideration.

7           Good cause appearing, plaintiff's motion for an extension of time to file an opposition to

8   the most recent motion to dismiss or sever is **GRANTED**.  The remaining defendants' motion for

9   an extension of time to file a motion for summary judgment is **GRANTED** to and including

10  September 27, 2021.  Plaintiff's opposition is due on or before October 27, 2021.  Defendants

11  **shall** file a reply brief within 14 days of the date any opposition is filed.

12          The clerk shall send a copy of the First Amended Complaint and a copy of this Order to

13  the Eastern District

14          IT IS SO ORDERED.

15
    Dated: July _____23_____, 2021.
16                                          WILLIAM ALSUP
                                            UNITED STATES DISTRICT JUDGE
17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
For the Northern District of California

4